UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
------------------------------------------------------------x
In re:
DAVID EDWARD WALL dba                         Case No: 2:09-bk-13942-gbn
B&E LANDSCAPE SERVICES,                       Chapter 7
                 Debtor.
------------------------------------------------------------x
CAPITAL ONE BANK (USA), N.A.,                 Honorable George B. Nielsen Jr.

                Plaintiff,      **COMPLAINT TO DETERMINE**
                                                   **DISCHARGEABILITY**
vs.

DAVID EDWARD WALL dba                         Adv. Pro. No: 2:09-ap-01251-gbn
B&E LANDSCAPE SERVICES,
                 Defendant.
------------------------------------------------------------x

      Plaintiff, Capital One Bank (USA), N.A. ("Plaintiff"), by its attorneys, and by way of its Complaint to Determine Dischargeability complains of the Defendant/Debtor, David Edward Wall dba B&E Landscape Services ("Defendant"), and alleges:

### JURISDICTION; VENUE; PARTIES

     1.     Plaintiff is a Virginia Corporation, having its principal place of business located at 15000 Capital One Drive, Richmond, Virginia 23238.

     2.     Defendant is an individual whose address is 826 E. Harvard Avenue, Gilbert, AZ 85234.

     3.     On June 22, 2009, Defendant filed a voluntary Chapter 7 bankruptcy petition.

     4.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157 and the Order of Reference entered by the District Court.

     5.     Venue is proper in this district by virtue of 28 U.S.C. §1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this district.

     6.     This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

## FACTS

7. Defendant opened revolving charge account with Plaintiff, account number: XXXX-XXXX-XXXX-9925 (the "Account"). Defendant made periodic charges upon the Account pursuant to the cardholder agreement governing said Account. Defendant presently owes the Plaintiff the sum of $3,575.40 on the Account.

8. Prior to April 2009, the Defendant had a considerably lower balance on his credit card Account. However, between the dates of April 22, 2009 to May 29, 2009, Defendant incurred nine (9) charges totaling $3,673.40. A listing of the foregoing charges is attached hereto as Exhibit "A". Said transactions occurred within ninety (90) days before the bankruptcy filing.

9. By using the card, the Defendant made an implied representation to Plaintiff that each time he assessed charges to the Account, he would repay same in accordance with the terms and conditions set forth in the Agreement.

10. Throughout the foregoing time period and thereafter, Defendant made only one (1) minimal payment of -$98.00 to Plaintiff for same. Defendant then filed bankruptcy on June 22, 2009 and at such time Defendant owed Plaintiff $7,893.27, including interest accrued up to the date of filing.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "10" of this complaint, with the same force and effect as if fully set forth therein.

12. Pursuant to Bankruptcy Code §523(a)(2)(C), the Defendant incurred the sum of $3,673.40 on his account within ninety (90) days before the order for relief under Chapter 7.

13. Specifically, and as evidenced by Exhibit "A", within such ninety (90) day period Defendant incurred seven (7) purchases for $3,067.40 and two (2) cash advances for $606.00; totaling $3,673.40. Upon information and belief this was a charge-up to the account without the intent to repay, within the "presumption period" and only three (3) short months prior to the bankruptcy filing. One charge alone was incurred to a merchant named "Bregman and Burt" for

$2,000.00 on April 22, 2009. Therefore, said charges are deemed non-dischargeable under Bankruptcy Code 11 U.S.C. §523(a)(2)(C).

14. By reason of the foregoing, the foregoing debt owed to Plaintiff must be deemed non-dischargeable under 11 U.S.C. §523(a)(2)(C), and therefore, Plaintiff must be entitled to a judgment against the Defendant in the amount of $3,673.40.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "14" of this complaint, with the same force and effect as if fully set forth herein.

16. Pursuant to Bankruptcy Code §523(a)(2)(A), the Defendant fraudulently incurred the debt that is subject to this adversary proceeding, and therefore, said debt must be deemed non-dischargeable.

17. At the time of each of the charges, the Defendant made an implied representation to Plaintiff that he had the intent to repay same in accordance with the Agreement.

18. During the foregoing time period as set forth in the Debtor's Bankruptcy Petition (the "Petition", relevant parts attached hereto as Exhibit "B") the Debtor owed general unsecured creditors $128,378.74. Additionally, the Debtor lists household income of $3,488.20 per month. As set forth in Schedule J, the Debtor lists expenses of -$4,534.09 per month, creating a large deficit of -$1,045.89 each month. Moreover, if the Defendant was paying only the minimum payment on the Account he would need an additional -$236.80 per month, not to mention the minimum payments also due on his other general unsecured debts.

19. Upon information and belief, the Defendant knew at the time he made the foregoing representations that same were false and were made to induce the Plaintiff to continue to extend credit to Defendant under the Agreement.

20. In light of the foregoing, the Defendant made such representations with the

intention and purpose of deceiving Plaintiff into extending and continuing to extend the Defendant's credit line, since the Defendant, based on his Petition, never had the ability to repay said amount.

21. Plaintiff actually and justifiably relied on the Defendant's implied representations as the basis for extending future credit to the Defendant.

22. Plaintiff used due diligence by investigating Defendant's financial circumstances prior to issuing a line of credit to the Defendant. Such investigations offered reasonable assurance to Plaintiff that, at the time credit was extended; Defendant had the intent and ability to repay any debt incurred, at least up to the line of credit that was extended by Plaintiff to Defendant. Therefore, since the Defendant's Account had a considerably lower balance prior to the time that Defendant incurred the charges subject to this action, and the Plaintiff's investigations into Defendant's financial circumstances did not raise any "red flags" in regard to the Defendant's inability or lack of intent to repay his debt to Plaintiff, it is clearly evident that the Plaintiff justifiably relied on the Defendant's representations.

23. It is readily apparent from the Petition that the Defendant was insolvent at the time he incurred the charges subject to this action, and incurred same with a reckless disregard to the belief that he could repay the debt to Plaintiff.

24. Therefore, based upon the income and expenses as set forth in the Petition, the Debtor was insolvent on a monthly basis, without continuing to add new charges to the Account.

25. Therefore, Defendant had a specific intent to defraud Plaintiff by accepting the benefits of the credit line without ever intending to repay the debt, and transacting same with reckless disregard.

26. In light of the foregoing, the Plaintiff sustained monetary losses and damages as a proximate result of the Defendant's fraudulent conduct in the amount of $3,673.40.

27. By reason of the foregoing, the debt owed to Plaintiff must be deemed non-dischargeable under 11 U.S.C. §523(a)(2)(A), and therefore, Plaintiff must be entitled to a

judgment against the Defendant in the amount of $3,673.40.

**WHEREFORE,** Plaintiff, Capital One Bank (USA), N.A., respectfully requests this Honorable Court for the following relief: 1) on the first cause of action, and pursuant to 11 U.S.C. §523(a)(2)(C), a judgment in the amount of $3,673.40 against Defendant and a determination that said debt is non-dischargeable; 2) on the second cause of action, and pursuant to 11 U.S.C. §523(a)(2)(A), a judgment in the amount of $3,673.40 against Defendant and a determination that said debt is non-dischargeable; and 3) such other, further and different relief as the Court may deem just and proper.

Dated: September 28, 2009

**STEINBERG, FINEO, BERGER, & FISCHOFF, P.C.**
Attorneys for Plaintiff

By: /s/ Heath S. Berger
    Heath S. Berger, Esq. (HSB7802)
    40 Crossways Park Drive
    Woodbury, New York 11797
    Telephone: (516) 741-1212
    Facsimile: (516) 741-9538

# EXHIBIT A

# Case Transactions

**Case Number:** *09013942*

**Debtor Name:** *DAVID WALL*

**Our Client:** Capital One Bank

| File Number: | Amount: | Trans Date: | SIC Code | Merchant Desc: |
|---|---|---|---|---|
| C81409/43754 | ($98.00) | 05/29/09 | 0 | Payment |
| C81409/43754 | $303.00 | 05/06/09 | 6011 | W.F.B/ALMA/SCH/FSTA |
| C81409/43754 | $19.39 | 05/04/09 | 5533 | CHECKER #16520001652 |
| C81409/43754 | $133.94 | 05/03/09 | 5996 | A & M POOL SUPPLY |
| C81409/43754 | $145.48 | 05/03/09 | 5996 | A & M POOL SUPPLY |
| C81409/43754 | $393.01 | 05/01/09 | 7538 | MESA AUTO WORKS |
| C81409/43754 | $303.00 | 04/24/09 | 6011 | W.F.B/GILBERT-1901 |
| C81409/43754 | $297.14 | 04/23/09 | 5261 | MOW POWER INC |
| C81409/43754 | $2,000.00 | 04/22/09 | 8111 | BREGMAN AND BURT |
| C81409/43754 | $78.44 | 04/22/09 | 7338 | ALPHAGRAPHICS |

# EXHIBIT B

B6F (Official Form 6F) (12/07)

In re **David Edward Wall** , Case No. **2:09-bk-13942**
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 92414-80  Allergy ENT Center LTD  7425 E. Osborn Road, #1  Scottsdale, AZ 85251 | | - | | | | | 367.00 |
| Account No. 3772-660837-81007  American Express  Box 0001  Los Angeles, CA 90096-8000 | | - | Credit Card | | | | 1,325.39 |
| Account No. -3499916443192873  Amex  P.O. Box 981537  El Paso, TX 79998 | | - | Opened 12/23/08 Last Active 5/01/09  CreditCard | | | | 1,319.00 |
| Account No. xxxxxxxxxxxx2973  AT & T Credit Card  P.O. Box 6500  Sioux Falls, SD 57117 | | - | Wife's credit card | | | | 4,700.00 |
| __6__ continuation sheets attached | | | Subtotal  (Total of this page) | | | | 7,711.39 |

B6F (Official Form 6F) (12/07) - Cont.

In re **David Edward Wall**                                                                 Case No. __2:09-bk-13942__
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 4888-9360-7202-5608<br><br>Bank Of America<br>Po Box 1598<br>Norfolk, VA 23501 | | - | Opened 8/17/01 Last Active 5/13/09<br>CreditCard | | | | 6,015.00 |
| Account No.<br><br>Additional Notice<br>Bank Of America | | | Bank of America<br>PO Box 15026<br>Wilmington, DE 19850 | | | | |
| Account No. 4339-9300-0870-3102<br><br>Bank of America<br>Business Card<br>P.O. Box 15710<br>Wilmington, DE 19886 | | - | Business Expenses | | | | 19,333.00 |
| Account No. 4695965004<br><br>Barclays Bank Delaware<br>125 S West St<br>Wilmington, DE 19801 | | - | Opened 4/16/09 Last Active 5/29/09<br>CreditCard | | | | 2,052.00 |
| Account No.<br><br>Cap One<br>Po Box 85520<br>Richmond, VA 23285 | | - | Opened 6/24/05 Last Active 6/01/09<br>CreditCard | | | | 7,893.00 |

Sheet no. __1__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   35,293.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                         Best Case Bankruptcy

Case 2:09-ap-01251-GBN   Doc 1   Filed 09/28/09   Entered 09/28/09 13:01:24   Desc
Main Document    Page 10 of 19

B6F (Official Form 6F) (12/07) - Cont.

In re  **David Edward Wall**                              ,    Case No. __2:09-bk-13942__
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Additional Notice<br>Cap One | | | Capital One<br>P.O. Box 30285<br>Salt Lake City, UT 84130 | | | | |
| Account No. X0194488<br>Chandler Regional Medical Center<br>file 56233<br>Los Angeles, CA 90074-6233 | | - | | | | | 172.00 |
| Account No. 4417-1681-3091-0023<br>Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | | - | Opened 11/07/96 Last Active 5/20/09<br>CreditCard | | | | 516.00 |
| Account No.<br>Additional Notice<br>Chase | | | Chase<br>PO Box 94014<br>Palatine, IL 60094 | | | | |
| Account No. xxxxxxxx 9601 7 xxxxxxxx 4468<br>Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | | - | Wife's credit cards | | | | 10,200.00 |

Sheet no. __2__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)       10,888.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **David Edward Wall** Case No. **2:09-bk-13942**
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 79450129034305139<br><br>Cit Bank/Dfs<br>12234 N Ih 35 Sb Bldg B<br>Austin, TX 78753 | | - | Opened 4/02/05 Last Active 5/01/09<br>ChargeAccount | | | | 2,718.00 |
| Account No.<br><br>Additional Notice<br>Cit Bank/Dfs | | | Dell Financial Services<br>PO Box 6043<br>Carol Stream, IL 60197-6403 | | | | |
| Account No. 6011-0008-8219-0816<br><br>Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850 | | - | Opened 5/03/05 Last Active 6/01/09<br>CreditCard | | | | 6,678.00 |
| Account No.<br><br>Additional Notice<br>Discover Fin Svcs Llc | | | Discover Card<br>PO Box 6013<br>Carol Stream, IL 60197 | | | | |
| Account No. xxxxxxxxxxxx 1864<br><br>Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850 | | - | Wife's credit card | | | | 4,000.00 |

Sheet no. **3** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **13,396.00**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

Case 2:09-ap-01251-GBN Doc 1 Filed 09/28/09 Entered 09/28/09 13:01:24 Desc
Main Document Page 12 of 19

In re **David Edward Wall**, Case No. **2:09-bk-13942**
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 5049261011777869 Feb/Frys 280 W 10200 S Ste 200 Sandy, UT 84070 | | - | Opened 12/28/08 Last Active 5/29/09 ChargeAccount | | | | 2,262.00 |
| Account No. Additional Notice Feb/Frys | | | Frys First Electric Bank PO Box 825 Phoenix, AZ 85020 | | | | |
| Account No. 6011-3611-1912-4337 Gemb/Sams Club Dc Po Box 981400 El Paso, TX 79998 | | - | Opened 8/09/05 Last Active 5/17/09 CreditCard | | | | 9,018.00 |
| Account No. Additional Notice Gemb/Sams Club Dc | | | Sams Club Discover PO Box 960013 Orlando, FL 32986-0013 | | | | |
| Account No. 6035320224733871 Home Depot/Cbsd Po Box 6497 Sioux Falls, SD 57117 | | - | Opened 6/25/07 Last Active 5/15/09 ChargeAccount | | | | 404.76 |

Sheet no. **4** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **11,684.76**

In re **David Edward Wall**, Case No. **2:09-bk-13942**
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Additional Notice<br>Home Depot/Cbsd | | | Home Depot<br>PO Box 689100<br>Des Moines, IA 50368 | | | | |
| Account No. xxxxxxxxxxxx9002<br>Juniper Visa Card<br>PO Box 1337<br>Philadelphia, PA 19101 | | - | Credit Card | | | | 2,052.07 |
| Account No. 4770438209480101<br>National Education Ser<br>200 W Monroe St Ste 700<br>Chicago, IL 60606 | | - | Opened 1/24/05 Last Active 1/01/09<br>Educational | | | | 14,454.00 |
| Account No. 4770438209480102<br>National Education Ser<br>200 W Monroe St Ste 700<br>Chicago, IL 60606 | | - | Opened 1/24/05 Last Active 1/01/09<br>Educational | | | | 3,673.00 |
| Account No.<br>Sallie Mae<br>P.O. Box 9555<br>Wilkes Barre, PA 18773 | | - | Wife's student loans | | | | Unknown |

Sheet no. **5** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **20,179.07**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

In re   **David Edward Wall**                                                              Case No.   **2:09-bk-13942**
                                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 24905060<br><br>Southwest Airlines Efc<br>Po Box 35708<br>Dallas, TX 75235 | | - | Opened 12/09/08 Last Active 5/26/09<br>CreditCard | | | | 7,813.52 |
| Account No. 24905101<br><br>Southwest Airlines Efc<br>Po Box 35708<br>Dallas, TX 75235 | X | - | Opened 11/08/07 Last Active 5/11/09<br>Co-signer for loan for Son's 2002 Jeep Wrangler | | | | 6,607.00 |
| Account No. 24905002<br><br>Southwest Airlines Efc<br>Po Box 35708<br>Dallas, TX 75235 | | - | Opened 7/25/05 Last Active 5/20/09<br>Unsecured | | | | 1,785.00 |
| Account No. 549113000538<br><br>Unvl/Citi<br>8787 Baypines<br>Jacksonville, FL 32201 | | - | Opened 6/01/99 Last Active 4/01/09<br>CreditCard | | | | 4,421.00 |
| Account No. xxxxxxxxxxxx0121<br><br>Wells Fargo<br>MAC S4101-08C<br>100 W. Washington Street<br>Phoenix, AZ 85003 | | - | Wife's credit card | | | | 8,600.00 |

Sheet no. **6** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)  **29,226.52**

Total (Report on Summary of Schedules)  **128,378.74**

B6I (Official Form 6I) (12/07)

In re **David Edward Wall**  
Debtor(s)

Case No. **2:09-bk-13942**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Separated | RELATIONSHIP(S): Daughter | AGE(S): 14 |

| Employment:* | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Stock Clerk | |
| Name of Employer | Southwest Airlines Co. | |
| How long employed | 15 Years | |
| Address of Employer | PO Box 36611 Dallas, TX 75235-1611 | |
| *See Attachment for Additional Employment Information | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 4,466.96 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 4,466.96 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 684.66 | $ N/A |
|    b. Insurance | $ 298.94 | $ N/A |
|    c. Union dues | $ 56.00 | $ N/A |
|    d. Other (Specify) See Detailed Income Attachment | $ 539.16 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,578.76 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,888.20 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): **Approximate Monthly Income from B&E Landscape (Net)** | $ 600.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 600.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 3,488.20 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 3,488.20 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:  
**Hopes to increase income from self employment**

B6I (Official Form 6I) (12/07)

In re **David Edward Wall**            Case No. **2:09-bk-13942**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | | |
|---|---|---|---|
| Child Support | $ 204.26 | $ | N/A |
| 401K Loan | $ 234.90 | $ | N/A |
| ESPP | $ 100.00 | $ | N/A |
| **Total Other Payroll Deductions** | $ 539.16 | $ | N/A |

B6I (Official Form 6I) (12/07)

In re **David Edward Wall**         Case No. **2:09-bk-13942**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Attachment for Additional Employment Information

| Debtor | |
|---|---|
| Occupation | Landscape |
| Name of Employer | Self dba B & E Landscape |
| How long employed | 4 years |
| Address of Employer | 826 E. Harvard<br>Gilbert, AZ 85234 |

B6J (Official Form 6J) (12/07)

In re __David Edward Wall__    Case No. __2:09-bk-13942__
                Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,760.00 |
|    a. Are real estate taxes included? Yes _X_ No ___ | |
|    b. Is property insurance included? Yes _X_ No ___ | |
| 2. Utilities: a. Electricity and heating fuel | $ 333.00 |
|             b. Water and sewer | $ 90.00 |
|             c. Telephone | $ 274.30 |
|             d. Other __Cable__ | $ 101.79 |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 500.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 10.00 |
| 7. Medical and dental expenses | $ 100.00 |
| 8. Transportation (not including car payments) | $ 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|             a. Homeowner's or renter's | $ 0.00 |
|             b. Life | $ 0.00 |
|             c. Health | $ 0.00 |
|             d. Auto | $ 322.00 |
|             e. Other _____ | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|             (Specify) _____ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|             a. Auto | $ 343.00 |
|             b. Other _____ | $ 0.00 |
|             c. Other _____ | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other _____ | $ 0.00 |
|     Other _____ | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 4,534.09 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ 3,488.20 |
| b. Average monthly expenses from Line 18 above | $ 4,534.09 |
| c. Monthly net income (a. minus b.) | $ -1,045.89 |