Kevin J. Rattay (011057)
Kevin J. Rattay PLC
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Tel: (602) 248-1066
Fax: (602) 248-0522
Email: kjr@rattaylaw.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID EDWARD WALL,<br><br>Debtor. | In proceedings under Chapter 7<br><br>Case No. 2:09-bk-13942-GBN |
| CAPITAL ONE BANK USA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID EDWARD WALL, dba B&E LANDSCAPE SERVICE,<br><br>Defendant. | Adv. No. 2:09-ap-01251-GBN<br><br>**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY** |

David Edward Wall, through counsel undersigned, hereby answers the Complaint by admitting, denying and alleging as follows:

1. Is without information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2. Admits the allegations of paragraph 2 of the Complaint.

3. Admits the allegations of paragraphs 3 through 6 of the Complaint.

4. Admits the allegations of paragraph 7 of the Complaint, except is without information sufficient to form a belief as to the truth of the allegation regarding the current balance on the account.

5. Is without information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

6. Denies the allegations in paragraph 9 of the Complaint.

7. Regarding the allegations of paragraph 10 of the Complaint, admits that one payment on the account in the amount of $98.00 was made.

8. Regarding the allegations of paragraph 11 of the Complaint, Defendant admits, denies and alleges as previously set forth.

9. Regarding the allegations of paragraph 12 and 13 of the Complaint, denies that any of the referenced charges were for "luxury goods or services" as defined in 11 U.S.C. § 523(a)(2)(C). Alleges that the $2,000 charge to Bregman & Burt were fees for his divorce attorney, which were charged at a time when Defendant did not know that he was going to be filing bankruptcy; Defendant further alleges that the decision to file bankruptcy was made in June 2009 after consultation with his divorce attorney and after meeting with bankruptcy counsel on June 3, 2009; alleges that events which occurred in his divorce primarily during the month of May 2009 caused him to realize that he would not be able to meet his financial obligations; Defendant further alleges that he expected his landscaping business to provide substantial additional revenue in late spring and summer 2009 in accordance with past income patterns for the business, but that because of economic conditions income did not come from the landscaping business as expected and therefore the decision was made to file bankruptcy in the month of June 2009.

10. Denies the allegations in paragraph 14 of the Complaint.

11. Regarding the allegations of paragraph 15 of the Complaint, Defendant admits, denies and alleges as previously set forth.

12. Denies the allegations of paragraph 16 of the Complaint.

13. Denies the allegations of paragraph 17 of the Complaint.

14. Regarding the allegations of paragraph 18 of the Complaint, alleges that a significant amount of the debt listed in the bankruptcy schedules is listed to satisfy the requirements of bankruptcy law to list all debts that the Debtor may be responsible for, but that a significant amount of the listed debt is the responsibility of his estranged wife and therefore at the time the charges were made the Defendant believed that he could meet the financial obligations that he had already committed himself to.

15. Denies the allegations of paragraphs 19 and 20 of the Complaint.

16. Is without information sufficient to form a belief as to the truth of the allegations in paragraphs 21 and 22 of the Complaint, and therefore denies the same.

17. Denies the allegations of paragraphs 23, 24, 25, 26 and 27 of the Complaint.

18. Denies all allegations not specifically admitted.

WHEREFORE, Defendant respectfully requests:

1. That the Complaint be dismissed;

2. That Defendant be awarded his attorneys fees and costs;

3. For such other and further relief as the Court deems just and appropriate.

DATED:   October 23, 2009

                **KEVIN J. RATTAY, PLC**

                */s/Kevin J. Rattay, #011057*
                Kevin J. Rattay
                Attorney for Debtor/Defendant

| | |
|---|---|
| 1 | COPY of the foregoing mailed |
| 2 | this 23rd day of October, 2009 to: |
| 3 | Heath S. Berger |
| | STEINBERG, FINO, BERGER & FISCHOFF, P.C. |
| 4 | 40 Crossway Park Drive |
| | Woodbury, New York 11797 |
| 5 | Attorney for Plaintiff |
| 6 | |
| | Maureen Gaughan |
| 7 | P.O. Box 6729 |
| | Chandler, AZ 85246 |
| 8 | Trustee |
| 9 | |
| | Office of the U.S. Trustee |
| 10 | 230 North First Avenue, Suite 204 |
| | Phoenix, AZ 85003 |
| 11 | |
| 12 | */s/ Kari LoBianco* |
| 13 | |
| ... | |
| 28 | |